# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW MEXICO

ALANA SOUZA a/k/a ALANA CAMPOS,
et al.,

    Plaintiffs,

v.                                                                                                                                  Civ. No. 21-536 MIS/GJF

GRAND AVENUE ENTERPRISES, LLC
doing business as EPIQ NIGHTCLUB, and
DOES 1 through 20, inclusive,

    Defendants.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION
## ON DEFENDANT'S MOTION TO REQUIRE JOINDER OF PARTIES

THIS MATTER is before the Court on Defendant Grand Avenue Enterprises, LLC's ("Defendant's") "Amended Motion to Require Plaintiff[s] to Join Parties, or, if such Parties Cannot Be Joined, to Dismiss Action" [ECF 24] ("Motion"). The Motion is fully briefed. *See* ECFs 26 ("Resp."), 31 ("Reply"). Fundamentally, the Motion asks whether Plaintiffs—who allege that Defendant wrongfully used their images to market its nightclub through social media posts—must now add as defendants the "visiting disk jockeys" (DJs) who created some of the advertisements that Defendant posted. As discussed below, the Court concludes that these DJs are not required parties. Consequently, the Court recommends[1] denying the Motion.

## I. BACKGROUND

Plaintiffs' Complaint [ECF 1] concerns "Defendants' . . . [allegedly unauthorized] use in advertising of images of Plaintiffs, [all five] of whom are well-known professional models, to promote [Defendant's] night club, EPIQ NIGHTCLUB[,] in Roswell, New Mexico." Compl. at

---

[1] The Court files this Proposed Findings and Recommended Disposition (PFRD) pursuant to the presiding judge's October 12, 2022, Order of Reference. ECF 39.

¶ 1. Essentially, the Complaint asserts that Defendant obtained images of Plaintiffs "from [their] own social media pages" and other sources, and then wrongfully used these images to "market and promote event[s] for EPIQ Nightclub on [its] Facebook page" and other social media platforms. *Id.* at ¶¶ 16, 25, 41. The Complaint brings nine causes of action: two purported violations of the Lanham Act, 15 U.S.C. §§ 1051 *et seq.*, (false advertising and false association) and seven purported violations of state law (appropriation of likeness, right of privacy, Unfair Trade Practices Act, negligence and *respondeat superior*, conversion, unjust enrichment, and quantum meruit). *Id.* at 13–23.

The Complaint asserts that Plaintiffs never authorized (or received any remuneration from) Defendant's use of their images in its online marketing efforts. *See id.* at ¶¶ 22–24, 43–50, 56–68. It further asserts that Defendant used these images to "attract patrons" and "generate revenue" for "[its] own commercial and financial benefit." *Id.* at 44–45, 55.[2] Finally, the Complaint alleges that Plaintiffs were harmed by, *inter alia*, the invasion of their privacy and the "false impression to potential customers [and the public] that Plaintiffs worked at and/or endorsed EPIQ Nightclub," which "substantially injure[d] their careers." *Id.* at ¶¶ 46, 53–58, 82, 112.

Defendant now requests that the Court "order Plaintiffs to join proper parties." Mot. at 1. In support of its request, Defendant's owner has attested to the following:

- [Defendant] owns and operates EPIQ Nightclub . . . [and] advertises special events on its Facebook page.

- Visiting Disk Jockeys (DJ) hold events at EPIC Nightclub and the DJ receives money paid for the *door charge* which [Defendant] does not receive any portion of.

---

[2] *See also* Compl. at ¶ 42 (alleging Defendant, through its operation of the nightclub, is "engaged in the business of selling alcohol and food in a nightclub atmosphere, where individuals go to hear Hip-Hop music, Musica Latina, and live bands"); Reply at 4–5 (clarifying that "Defendant is not a strip club" (emphasis omitted)).

- Due to this arrangement, the DJs create their own advertisements, or "posters" for their own events, and forward them for posting on [Defendant's] Facebook page.

- Visiting DJs to the EPIC Nightclub created the posters for the events [referenced in the Complaint's] Exhibits A, B, C and E [which correspond to four of the five Plaintiffs, *see* Compl. at ¶¶ 27, 30, 33, 39].

- I created only one poster for an event, [E]xhibit D [which corresponds to the remaining Plaintiff, *see* Compl. at ¶ 36], with a themed picture found on the public forum of the internet as a background for the poster[,] and I had no knowledge of any professional model attached to the image, nor of any other type of copyrighted material.

- I am only responsible for the content in Exhibit D of the Complaint.

ECF 24-1 at 1–2 (emphasis added).

## II. PARTIES' PRIMARY ARGUMENTS

### A. Defendant's Contentions

Defendant specifically requests that the Court do one of three things: (1) "order Plaintiffs to join" the visiting DJs as defendants in this case, (2) "[d]ismiss the Plaintiffs' claims" if the DJs cannot be joined, or (3) "subdivide[ ] [Plaintiffs' claims] to pertain only to the one alleged misuse of a copyrighted [image] by the Defendant." Mot. at 1, 3–5. Defendant contends that such action should be taken because "[t]he visiting DJs . . . are necessary to this litigation"—given that they also "have alleged fault in this matter" and "are the only ones who benefitted from the use of" the images of four of the five Plaintiffs. *Id.* at 2–3, 5; Reply at 4.

### B. Plaintiffs' Contentions

For their part, Plaintiffs contend that "the DJs are not required parties under Rule 19." Plaintiffs argue first that they "are able to obtain all relief requested against Defendant" because—"regardless of what entity created or designed the advertisements"—Defendant "operated the nightclub and reaped a financial benefit . . . [from] Plaintiffs' images in its advertisements." Resp.

at 3–6 (addressing the Rule 19 condition that requires joining a party if, "in that person's absence, the court cannot accord complete relief among existing parties" (quoting Fed. R. Civ. P. 19(a)(1)(A))). Second, Plaintiffs maintain that "there are no [qualifying] inconsistent obligations that would require the joinder of the DJs as defendants"—e.g., a judgment that either effectively prevented Defendant from "comply[ing] with another court's order" or automatically rendered Defendant liable in other litigation. *Id.* at 6–7 (addressing the Rule 19 condition that requires joining a party if, in that person's absence, "an existing party [is] subject to a substantial risk of" certain "inconsistent obligations" arising from the absent person's asserted "interest relating to the subject of the action" (quoting Fed. R. Civ. P. 19(a)(1)(B))). Third, Plaintiffs assert that Defendant has failed to meet its burden to show that either of these Rule 19 conditions has been satisfied. *Id.* at 9–10.

Lastly, Plaintiffs argue that "even if the DJs are required Parties, dismissal is inappropriate" because "Plaintiffs may amend their Complaint to bring the DJs into this action" because "no statute of limitations has tolled this action." *Id.* at 7–9.[3]

## III. APPLICABLE LEGAL STANDARDS

The Federal Rules of Civil Procedure provide that a complaint may be dismissed under Rule 12(b)(7) for "failure to join a party under Rule 19." *Citizen Band Potawatomi Indian Tribe v. Collier*, 17 F.3d 1292, 1293 (10th Cir. 1994) (also observing that such a dismissal is reviewed "for abuse of discretion"). "The proponent of a motion to dismiss under [Rule] 12(b)(7) has the burden of producing evidence showing the nature of the interest possessed by an absent party and that the protection of that interest will be impaired by the absence." *Id.* (observing that such

---

[3] Plaintiffs also request that, because Defendant failed to file a reply brief to its previous motion to join parties [ECF 21], the Court's should "strike from the record this Amended Motion." Resp. at 2–3. But in light of the Court's recommendation that the instant Motion be denied, the Court does not consider whether the Motion could also be stricken based on such a justification.

4

evidence may consist of "affidavits of persons having knowledge of these interests" (quotation omitted)); *see also Rishell v. Jane Phillips Episcopal Mem'l Med. Ctr.*, 94 F.3d 1407, 1411 (10th Cir. 1996) (noting that "[t]he moving party has the burden of persuasion in arguing for dismissal" (quotation omitted)).

Entitled "Required Joinder of Parties," Rule 19 is designed to address the "*exceptional circumstances* in which the plaintiff's choice of parties or forum must give way because of an absent party's interest in the outcome of the action or involvement in the underlying dispute." *Marvel Characters, Inc. v. Kirby*, 726 F.3d 119, 131 (2d Cir. 2013) (emphasis added). In relevant part, Rule 19 provides:

> (a) PERSONS REQUIRED TO BE JOINED IF FEASIBLE.
>
> > (1) *Required Party*. A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
> >
> > > (A) in that person's absence, the court cannot accord complete relief among existing parties; or
> > >
> > > (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
> > >
> > > > (i) as a practical matter impair or impede the person's ability to protect the interest; or
> > > >
> > > > (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.
> >
> > (2) *Joinder by Court Order*. If a person has not been joined as required, the court must order that the person be made a party. A person who refuses to join as a plaintiff may be made either a defendant or, in a proper case, an involuntary plaintiff.
> > . . .
>
> (b) WHEN JOINDER IS NOT FEASIBLE. If a person who is required to be joined if feasible cannot be joined, the court must determine whether, in equity and good

5

> conscience, the action should proceed among the existing parties or should be dismissed. . . .

Fed. R. Civ. P. 19(a)–(b).  In light of these standards, "[a] finding of indispensability[4] under [Rule 19] has three parts":

> First, the court must find that a prospective party is "required to be joined" under Rule 19(a).  Second, the court must determine that the required party cannot feasibly be joined.  Then the court must determine, under Rule 19(b), whether the required-but-not-feasibly-joined party is so important to the action that the action cannot "in equity and good conscience" proceed in that person's absence.  If that is the case, then the action "should be dismissed."

*Northern Arapaho*, 697 F.3d at 1278–79 (citation omitted) (quoting Fed. R. Civ. P. 19(b)); *see also Rishell*, 94 F.3d at 1411 (observing that "the standards set out in Rule 19 for assessing whether an absent party is indispensable are to be applied in a practical and pragmatic but equitable manner" (quotation omitted)).

## IV. ANALYSIS

As explained below, this case does not feature any of the "exceptional circumstances" that would compel the Court to override "[Plaintiffs'] choice of parties." *Marvel*, 726 F.3d at 131.  To put it plainly, the visiting DJs are not required parties under Rule 19.

Defendant has not met its burden to show that the Court "cannot accord complete relief among existing parties" unless the visiting DJs are added as defendants.  Fed. R. Civ. P. 19(a)(1)(A); *Rishell*, 94 F.3d at 1411 ("The moving party has the burden of persuasion" when invoking Rule 19.).  Although Defendant argues that the DJs "have alleged fault in this matter," Mot. at 5, this argument does not address how the *existing parties* would be unable to obtain complete relief absent the joinder of the DJs.  Indeed, Plaintiffs confirm that they "are able to

---

[4] "[A]lthough the word 'indispensable' no longer appears in [the] text of Rule 19(b) since the 2007 amendments, it is still used to denote a required party in whose absence the action cannot proceed." *Northern Arapaho Tribe v. Harnsberger*, 697 F.3d 1272, 1278 n.3 (10th Cir. 2012).

6

obtain all relief requested" in their suit against Defendant—regardless of who originally created the ads. Resp. at 3–6. And Defendant fails to explain what specific relief it—or even Plaintiffs—are seeking that can only be obtained if the DJs are added to this litigation. *See generally* Mot. Admittedly, including the DJs in this lawsuit may increase Defendant's convenience (e.g., by lessening Defendant's burden in bringing its own suit against the DJs). But Defendant's presumed desire for convenience or efficiency, *see* Mot. at 5, does not establish that the Court "cannot accord complete relief among existing parties." Fed. R. Civ. P. 19(a)(1)(A); *see also Field v. Volkswagenwerk AG*, 626 F.2d 293, 301 (3d Cir. 1980) (observing that "[t]he standards for determining whether joinder must be ordered . . . are not the relative conveniences of the parties but those prescribed by Rule 19" (quotation omitted)).

Defendant also has not met its burden to show that the DJs—whom Defendant never specifically identifies—"claim[ ] an *interest* relating to" Defendant's alleged wrongful use of Plaintiffs' images. Fed. R. Civ. P. 19(a)(1)(B) (emphasis added). Defendant attests that the DJs created four of the five offending ads—and suggests (without citing any authority) that the DJs are thus solely responsible for Defendant's posting of these four ads. ECF 24-1 at 1–2; Mot. at 5.[5] But such pronouncements simply do not satisfy Defendant's "burden of producing evidence showing *the nature of the interest possessed by* [*the DJs*]"—let alone the further requirement that Defendant also show that either (1) "the protection of that interest will be impaired by [the DJ's] absence," *Citizen Band*, 17 F.3d at 1293 (emphasis added); or (2) Defendant will be subject to a qualifying "inconsistent obligation[ ] because of [this] interest," Fed. R. Civ. P. 19(a)(1)(B).

In sum, Defendant has not met its burden to show that the visiting DJs are required parties under Rule 19. Consequently, the Court will not recommend ordering Plaintiffs to join the DJs to

---

[5] Plaintiffs' Complaint expressly identifies the five offending ads "[t]hat [Plaintiffs] know of," but the Complaint does not necessarily limit itself to the five known ads. *See* Compl. at ¶¶ 27, 30, 33, 36, 39.

7

this lawsuit.[6]  If Defendant in its discretion wishes to file third-party claims against the visiting DJs in an effort to share responsibility in the event that Plaintiffs prevail on the merits, Defendant certainly may seek to do so.  But this Court is firmly of the view that the DJs would be discretionary defendants as opposed to indispensable ones.

## V.   CONCLUSION

For the foregoing reasons, **IT IS RECOMMENDED** that the Court **DENY** Defendant's Motion [ECF 24].

**SO RECOMMENDED.**

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1)(c). Any request for an extension must be filed in writing no later than seven days from the date of this filing. **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed**.

---

[6] In addition, the Court will not recommend granting Defendant's request to "subdivide[ ] [Plaintiffs' claims] to pertain only to the one alleged misuse of a copyrighted [image] by the Defendant"—a cursory request that is both (1) founded on Defendant's (erroneous) assertion that the DJs are required parties under Rule 19 and (2) unsupported by citation to any legal authority.  Mot. 5; *See, e.g.*, D.N.M. LR-Civ 7.3(a) (requiring a motion to "cite authority in support of the legal positions advanced"); *United States v. Wooten*, 377 F.3d 1134, 1145 (10th Cir. 2004) ("The court will not consider issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation." (quotation omitted)).